# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL STEVEN FRENCH,
Appellant,
vs.
HAROLD WICKHAM, WARDEN, WARM
SPRINGS CORRECTIONAL CENTER,
Respondent.

No. 71595

FILED

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Michael Steven French argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting French's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. It appears that all of French's sentences were imposed pursuant to such a statute for offenses committed on or between July 17, 1997, and June 30, 2007. *See* NRS 193.165 (1995) (providing sentence for weapon enhancement based on sentence imposed for primary

---

[1]Having considered French's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37758

offense); NRS 193.330(1)(a)(2) (setting forth sentencing range for attempt to commit a category B felony); NRS 200.380(2) (setting forth sentencing range for robbery); NRS 205.060 (setting forth sentencing range for burglary). Although the record does not indicate which sentence French is serving at this time, consistent with *Williams*, the credits that he has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. The district court erred in ruling to the contrary.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James Todd Russell, District Judge
Michael Steven French
Attorney General/Carson City
Carson City Clerk

---

[2]The court cannot grant any relief on sentences that French has already expired or on which he has already appeared before the parole board. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. It is unclear from the record whether French has discharged any of his sentences or appeared before the parole board on his current sentence. The district court may consider any evidence in that respect on remand.